UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 24-02295-JGB (KS)                                    Date: March 27, 2024

Title   _Alonzo McKinney v. Rocha_

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL

**BACKGROUND**

On March 20, 2024, Petitioner, a California state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1.) The Petition appears to state that Petitioner is challenging an "error of P.L.R.A. fees." (_Id._ at 2.)[1]

Petitioner has filed several prior habeas petitions in this district, including the following:

1) _Alonzo McKinney v. Newsom_, 2:23-cv-01529-AB-AGR (February 17, 2023) (dismissed for failure to state a cognizable claim);
2) _Alonzo McKinney v. Unknown_, 2:22-cv-02722-JGB-KS (April 22, 2022) (dismissed for failure to state a cognizable claim);
3) _Alonzo McKinney v. G. Newsom_, 2:20-cv-10736-JGB-KS (Jan. 15, 2021) (dismissed as second or successive);
4) _Alonzo McKinney v. G. Newson_, 2:19-cv-04059-JGB-KS (Jun. 14, 2019) (dismissed as second or successive);
5) _Alonzo McKinney v. Scott Kernan_, 2:18-cv-04088-JAK-FFM (Jul. 2, 2018) (dismissed as second or successive);
6) _Alonzo McKinney v. G. Smith_, 2:17-cv-02578-JAK-FFM (Dec. 1, 2017) (dismissed for failure to state a cognizable claim);

---

[1] For ease of reference, the Court cites to the page numbers assigned by the Court's electronic case filing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 24-02295-JGB (KS)                                          Date: March 27, 2024

Title     *Alonzo McKinney v. Rocha*

7) *Alonzo McKinney v. Christian Pfeiffer*, 2:15-cv-05268-JAK-MAR (Mar. 21, 2017) (dismissed for failure to state a cognizable claim);
8) *Alonzo McKinney v. Acebedo*, 2:14-cv-01102-GAF-DTB (Mar. 24, 2014) (dismissed for lack of jurisdiction);
9) *Alonzo McKinney v. Lisa Lichenstein*, 2:13-cv-04403-GAF-DTB (Jul. 6, 2013) (dismissed for lack of jurisdiction);
10) *Alonzo McKinney v. People of the State of California*, 2:10-cv-01932-GAF-FMO (Apr. 8, 2010) (dismissed for lack of jurisdiction);
11) *Alonso McKinney v. A K Scribner*, 2:05-cv-00659-SJO-FMO (Feb. 7, 2005) (dismissed for lack of jurisdiction);
12) *Alonzo McKinney v. United States of America*, 2:04-cv-09221-RMT-FMO (Dec. 16, 2004) (dismissed for lack of jurisdiction);
13) *Alonzo McKinney v. D.D. Ortiz et al*, 2:04-cv-03614-GAF-FMO (Jun. 9, 2004) (dismissed for lack of jurisdiction);
14) *Alonzo McKinney v. Ernie Roe et al*, 2:01-cv-01008-RMT-EE (Jul. 5, 2001) (dismissed as second or successive);
15) *Alonzo McKinney v. Lancaster State*, 2:00-cv-12831-RMT-EE (Apr. 20, 2001) (dismissed for lack of jurisdiction);
16) *Alonso McKinney v. Lennox, et al*, 2:00-cv-00492-JGB-KS (Nov. 8, 2000) (dismissed for lack of jurisdiction); and
17) *Alonzo McKinney v. High Desert State, et al*, 2:99-cv-03331-JGB-KS (Mar. 22, 2001) (denied on the merits with prejudice).

Notably, Petitioner's prior habeas petitions include a March 30, 1999 petition attacking Petitioner's 1997 conviction and the resulting sentence of 25 years to life ("March 1999 Petition") that was denied with prejudice on the merits. (*See Alonzo McKinney v. High Desert State, et al*, No. 2:99-cv-03331-JGB-KS, Dkt. Nos. 1, 36-38.)

For the following reasons, the Court orders Petitioner to show cause, no later than April 30, 2024, why the Petition should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-02295-JGB (KS)                              Date: March 27, 2024

Title     *Alonzo McKinney v. Rocha*

### LEGAL STANDARD

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). However, a district court's use of this summary dismissal power is not without limits. *Id.* at 1128. A habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

### DISCUSSION

**I.   The Petition Fails to Satisfy the Demanding Pleading Standard of Habeas Rule 2**

*A. Legal Standard*

Rule 8 of the Federal Rules of Civil Procedure requires a complaint in an ordinary civil case to provide fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011). Habeas Rule 2(c) imposes a "more demanding" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Specifically, Habeas Rule 2 requires, *inter alia*, that the Petition specify the grounds for relief available to Petitioner, state the facts supporting each ground, state the relief requested, be legible, and be signed under penalty of perjury by Petitioner. *See id.* The Advisory Committee's Notes state that "it is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." *Id.*; Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4.

Although the Court must construe *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court may not supply essential elements of a claim that were not initially pled, *Byrd v. Maricopa County Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011). Further, allegations that are vague, conclusory, "palpably incredible," "patently frivolous or false," or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-02295-JGB (KS)                                          Date: March 27, 2024

Title      *Alonzo McKinney v. Rocha*

summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

   *B. Analysis*

   The Petition violates Rule 2. Petitioner fails to provide crucial information in the Petition, and as a result, it is impossible for the Court to discern the nature of Petitioner's claims and whether it has jurisdiction to the consider the Petition. Petitioner fails to specify his grounds for relief and to allege facts that would support each ground. At best, the Court can discern that the Petition raises a sole ground for relief—challenging an "error of P.L.R.A. fees." [2] (*Id*. at 2.) However, Petitioner does not provide any facts to support this ground. Furthermore, the Petition fails to explain how the fact or duration of Petitioner's custody violates the U.S. Constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (noting that "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). Even construed liberally, Petitioner's allegations are too vague to point to "a real possibility of constitutional error." *See* Advisory Committee's Note on Habeas Corpus Rule 4; *see also Hendricks*, 908 F.2d at 491. Accordingly, the Petition is subject to dismissal pursuant to Habeas Rules 2 and 4.

   **II.     The Petition Appears to Be Second or Successive**

   *A. Legal Standard*

   State habeas petitioners generally may file only <u>one</u> federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.*, 28 U.S.C. §§ 2244(b)(1) (stating that courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and 2244(b)(2) (stating that with exceptions, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier § 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (noting that claims for

---

[2] It is unclear if Petitioner is attempting to allege that a court clerk erred in one of his prior cases. (*See* Dkt. No. 1 at 3.) Petitioner's limited allegations do not sound in federal habeas corpus because they would not necessarily lead to Petitioner's immediate or speedier release if they were true. *See Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016). Moreover, court clerks are "entitled to immunity from damages for civil rights violations for tasks that are integral to the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-02295-JGB (KS)                                                                Date: March 27, 2024

Title      _Alonzo McKinney v. Rocha_

which the factual predicate existed at the time of the first habeas petition qualify as second or successive).

Even when § 2244(b) provides grounds for pursuing a second or successive § 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."  _Burton v. Stewart_, 549 U.S. 147, 153 (2007).

_B. Analysis_

The Court denied Petitioner's March 1999 Petition with prejudice on the merits, _see Alonzo McKinney v. High Desert State, et al_, 2:99-cv-03331-JGB-KS, Dkt. Nos. 37-38, and Petitioner has not alleged that he received leave from the Ninth Circuit to bring a second or successive § 2254 petition.  Accordingly, the Petition appears to be an unauthorized second or successive § 2254 petition and must be dismissed because the Court lacks jurisdiction to consider it.  28 U.S.C. § 2244(b); _see also Burton_, 549 U.S. at 157 (finding that the district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

**ORDER TO SHOW CAUSE**

**Based on the foregoing, Petitioner is ORDERED TO SHOW CAUSE no later than April 30, 2024 why the Petition should not be dismissed for violating Habeas Rule 2 and for constituting an unauthorized second or successive petition.**  To discharge this Order and proceed with this action, Petitioner shall file, no later than the April 30, 2024 deadline, a First Amended Petition that does all of the following:

(1) Demonstrates that the Ninth Circuit has authorized Petitioner to file this second or successive petition;

(2) Clearly identifies the conviction or other judicial action being challenged, including the date of the conviction (or other judicial action) and the court and year in which it occurred; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 24-02295-JGB (KS)                        Date: March 27, 2024

Title   _Alonzo McKinney v. Rocha_

    (3) Explains how the conviction or other judicial action being attacked violates the Constitution or the laws of the United States. Petitioner is reminded that, without more, it is not sufficient to simply cite to a constitutional amendment. Instead, "[i]t is the relationship of the facts to the claim asserted that is important" under Rule 2, and the Petition must "state facts that point to a real possibility of constitutional error." _See_ Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2; Advisory Committee's Note on Habeas Corpus Rule 4. Petitioner is also reminded that federal habeas corpus relief is not available to remedy errors of state law, and the Court is limited to deciding whether Petitioner's sentence or conviction violated the Constitution, laws, or treaties of the United States. _See Estelle_, 502 U.S. at 67-68.

    Further, in filing a First Amended Petition, **Petitioner is strongly encouraged to use the Central District's form habeas petition**. The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition.

    **Finally, Petitioner is expressly warned that his failure to timely comply with this Order and file a First Amended Petition that shows cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules, Local Rule 41-1, and Rule 41 of the Federal Rules of Civil Procedure.**

    If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss it by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1).

                                                                                                             :

                                                                      **Initials of Preparer**   gr